MATTER OF PATEL

In Section 245 Proceedings

A-20051168

*Decided by Acting Associate Commissioner March 7, 1974*

An applicant for adjustment of status under section 245 of the Immigration and Nationality Act, as amended, as a nonpreference immigrant, is entitled to the "student exemption" from the labor certification requirement under 8 CFR 212.8(b)(5) as it read prior to its revocation on August 2, 1972, where the application was initially submitted during the period August 2, 1972 to December 11, 1973, inclusive; was rejected solely for lack of a labor certification; was resubmitted prior to January 1, 1974, and upon resubmission it was found: (1) a nonpreference visa number was available for issuance to the applicant at the time of initial submission of the application, and (2) a claim, verified from the official records of the Service, was made at that time to the student exemption from the labor certification requirement under 8 CFR 212.8(b)(5) as it read immediately prior to August 2, 1972.

The applicant is a 23-year-old native and citizen of India who was last admitted to the United States on July 31, 1970, as a student under section 101(a)(15)(F) of the Immigration and Nationality Act, and has continued to maintain that status. On August 31, 1972, he submitted an application for adjustment of status under section 245 of that Act, as amended. The case is before me, pursuant to 8 CFR 103.4 on certification by the Regional Commissioner.

The applicant is seeking adjustment of status as a nonpreference immigrant. Under 8 CFR 245.1(e) such an applicant is subject to the labor certification requirement of section 212(a)(14) of the Act, unless he can establish that he is exempt from that requirement under 8 CFR 212.8(b). The applicant, in his application for adjustment filed on August 31, 1972, claimed to be exempt from the labor certification requirement pursuant to 8 CFR 212.8(b)(5). That section of the regulation, prior to August 2, 1972, read in pertinent part as follows:

The following persons are not considered to be within the purview of Section 212(a)(14) of the Act and do not require a labor certification: ... (5) an alien who establishes satisfactorily that he has been accepted by an institution of

603

learning in the United States, that he will be pursuing a full course of study in the United States for at least two full consecutive academic years, and that he has sufficient financial resources to support himself and will not seek employment during that period.

On May 16, 1973, the District Director entered an order denying the application and certifying his decision to the Regional Commissioner. In denying the application, the District Director made the following statements:

A nonpreference immigrant who will be employed in the United States is subject to the provisions of Section 212(a)(14) of the Act, which requires that such an immigrant obtain a certification from the Department of Labor that a shortage exists of qualified workers available to perform the work in which he will be engaged and that his employment would not adversely affect the wages and working conditions of persons similarly employed in this country. You have not submitted a labor certification, although you state that you intend to seek gainful employment in the United States in the field of electronic engineering.

The record establishes that you were admitted to the United States on July 31, 1970, as a nonimmigrant student and are now attending Heald's Engineering College, with extension of stay granted to July 30, 1973. From the evidence submitted with your application, it appears you applied for permanent residence under the mistaken impression that you were exempt from the labor certification requirement because you were a student. Title 8, Code of Federal Regulations, Part 212.8(b) formerly provided exemption from the labor certification requirement for students who could establish that they were enrolled in a full course of study which would continue for two academic years and had financial support so they would not have to work during that time. However, this exemption was not in effect when your application was filed on August 31, 1972.

It is the position of this Service that a student requires a labor certification if he has passed the age of compulsory school attendance and is not exempt from the labor certification requirement under Title 8 CFR 212.8. The Fair Labor Standards Act (29 U.S.C. 203(1); 63 Stat. 910) sets a minimum age of 16 for employment (except for certain employment during periods which will not interfere with the child's schooling). In addition, the compulsory school attendance laws of most states require school attendance until the age of 16. Accordingly, a child under the age of 16 is not of employable age under United States law and therefore is not considered to be within the purview of Section 212(a)(14) of the Act. Conversely, an alien age 16 or over who is not exempt from the labor certification requirement pursuant to Title 8 CFR 212.8 is of employable age under United States law and therefore is within the purview of Section 212(a(14) of the Act (unless he is afflicted with a physical or mental disability that will preclude his employment) notwithstanding that it may be his intention to attend school and to stay out of the labor market during the entire period of his schooling.

You are 22 years of age; you have not submitted a labor certification as required by Section 212(a)(14) of the Act and you have not established that you are exempt from the certification requirement pursuant to Title 8 CFR 212.8. You are therefore ineligible under Section 245.1(e), Title 8, Code of Federal Regulations, for adjustment of status as a nonpreference immigrant. In addition, by failing to comply with the labor certification requirement, you have not acquired a priority date for allocation of a nonpreference visa

number and thus have not established that an immigrant visa is immediately available as required by Section 245 of the Act.

Upon certification, the Regional Commissioner on August 2, 1973, entered an order in which he stated that "the decision of the District Director is well founded and having reached our own independent decision in the matter we affirm the decision of the District Director."

The Regional Commissioner also stated in his order that:

"Effective August 2, 1972, 8 CFR 212.8(b)(5) was deleted from the regulations and this labor certification exemption was not available on August 31, 1972 when the instant application was filed. The applicant is not eligible for the status he seeks."

As the Regional Commissioner pointed out in his decision, 8 CFR 212.8(b)(5) was repealed effective on the date of its publication in the Federal Register on August 2, 1972 (37 FR 15419). However, in a decision by the United States District Court for the District of Columbia on July 5, 1973, in the case of *Hou Ching Chow* v. *The Attorney General* (Civil Action No. 2418–72), the Court held that the revocation on August 2, 1972 of the student exemption from the labor certification requirement was contrary to law and without effect, because it was published without notice of proposed rulemaking. No appeal was taken from the Court's decision. However, without conceding the correctness of the Court's decision, the Commissioner published a notice of proposed rule-making on August 28, 1973 (38 FR 22964) revoking the student exemption as it had existed previous to the prior revocation on August 2, 1972. Subsequently, on November 12, 1973, the proposed rule was adopted to become effective on December 12, 1973 (38 FR 31166).

In the preamble to the regulation published on November 12, 1973, adopting the proposed rule, the following was stated:

"An application for adjustment of status under section 245 of the Immigration and Nationality Act which was submitted to an office of the Immigration and Naturalization Service after August 1, 1972, and was rejected solely for lack of a labor certification may be resubmitted and accepted as properly filed, with a priority date as of the date of original submission, if (1) a nonpreference visa number was available for issuance to the applicant at the time of initial submission, (2) a claim, verified from the official records of the Service, was made at that time to the student exemption from the labor certification requirement under 8 CFR 212.8(b)(5) as it read immediately prior to August 2, 1972, and (3) the application is resubmitted before January 1, 1974."

As a result of the foregoing, and in consideration of the above-quoted portion of the preamble to the regulation published on November 12, 1973, the Regional Commissioner, on his own motion reopened the case to reconsider his prior decision of August 2, 1973. After reviewing prior decisions and pertinent developments

on this case, the Regional Commissioner concluded on December 19, 1973, as follows:

"We have carefully examined all factors of this case and conclude that the exemption from the labor certification requirement pursuant to 8 CFR 212.8(b)(5) was actually in effect on August 31, 1972, the date the applicant filed his application under Section 245; that at the time of filing the application on August 31, 1972 the applicant established that at that time he met all conditions of the provisions of 8 CFR 212.8(b) including the pursuing of a full course of study in the United States for at least two full consecutive academic years, this notwithstanding the fact he may complete his studies in July 1974; that the applicant has met the conditions of the preamble to the rule adopted November 12, 1973 (supra); and that he has established a nonpreference priority date as of August 31, 1972 and is eligible for the benefits of Section 245 of the Act. However, since the processing of the application of adjustment of status has not been completed we shall vacate our order of August 2, 1973 and remand the case to the District Director, San Francisco, to arrange for the required medical examination, allocation of a nonpreference visa number and grant the application if the applicant is otherwise eligible for the benefit sought.

"The Regional Commissioner's order of August 2, 1973 upholding the District Director's decision denying the application will be vacated and the application remanded to the District Director for consideration consistent with this decision.

"Inasmuch as this decision involves an unusually novel question of law our decision will be certified to Deputy Associate Commissioner, Travel Control, for review."

The District Director, in the portion of his decision of May 16, 1973 denying the application which is quoted herein, has concluded that an alien who has paased his sixteenth birthday is not obligated by law to attend school; that his employment is not prohibited by the Fair Labor Standards Act; that he, therefore, is considered to be an employable alien who is subject to the labor certification requirement of the law, and is ineligible without that certification for the status he is seeking.

I am in agreement with those conclusions, and agree they should be applied in the following circumstances:

1. Where the application for status as a permanent resident was submitted initially on or after December 12, 1973, the effective date of the regulation of November 12, 1973 revoking the "student exemption" from the labor certification requirement; or

2. Where the application was submitted initially on or after August 2, 1972 (the effective date of the earlier regulation revoking the "student exemption") and was rejected by the Service solely for the reason stated in the preamble to the regulation published November 12, 1973 if, upon resubmission, it was found that any of the enumerated conditions in the preamble had not been satisfied.

In the case at hand, however, neither of the two sets of circumstances described above exists. Instead, the Regional Commissioner finds, and I agree with his finding, that the applicant

606

meets the conditions specified in the preamble to the regulation published on November 12, 1973, although the case was reactivated prior to January 1, 1974 by the Regional Commissioner on his own motion rather than by the applicant's resubmission of his application prior to that date. The Regional Commissioner concludes that the applicant established his eligibility for exemption from the labor certification requirement, as of the date on which the application was filed, under 8 CFR 212.8(b)(5) as it read prior to August 2, 1972, and that he appears to be eligible for the status he is seeking. However, because processing of the case had not been completed fully, the Regional Commissioner finds it necessary to remand the case to the District Director to complete the processing and then adjudicate the application. I concur in the conclusions reached by the Regional Commissioner.

**ORDER:** It is ordered that the Regional Commissioner's order of December 19, 1973 vacating his prior order of August 2, 1973, and directing that the case be remanded to the District Director for further consideration and disposition consistent with the Regional Commissioner's order of December 19, 1973, be and the same is hereby affirmed.